JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

Santino Tomaino,
         Plaintiff,                      JURY TRIAL DEMANDED
                                                        Docket No.: CV

      -against-                                12 CIV 0016

Officer Ellensohn and Officers Kohl, individually and as
Police officers of New York, New York and
City of New York,
         Defendants.
_____

RECEIVED JAN 03 2012 U.S.D.C. S.D. N.Y. CASHIERS

## COMPLAINT

### Introductory Statement

1. This is an action for damages sustained by a citizen of the United States against police officers of New York, New York who, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, falsely arrested, illegally strip searched, employed excessive force against, failed to protect from abuse, deprived him of property without due process and otherwise abused plaintiff. The City of New York (hereinafter "City"), the employer of the above referred to individual defendants, is sued as a person under 42 U.S.C. §1983 because of its condonation of such official misconduct as that complained of herein.

RECEIVED JAN -3 2012 PRO SE OFFICE

### Jurisdiction

2. This action is brought pursuant to 42 U.S.C §§ 1983, 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C.§§ 1331 and 1343 (1), (2), (3), (4) and the aforementioned statutory and constitutional provisions.

3. The amount in controversy exceeds $150,000.00 excluding interest and costs.

## Parties

4. Plaintiff was, at all times relevant to the allegations of this complaint, and still is, a citizen of the United States and a resident of the County of Suffolk, State of New York.

5. At all times relevant hereto, the individual defendants were employed by New York, New York as police officers. They are sued individually and in their official capacities.

6. The defendant City is a municipal corporation within the State of New York and, at all times relevant to the allegations of this complaint, it acted under color of law and employed the individual defendants as police personnel.

7. At all times relevant to the allegations of this complaint and in all their actions described herein, the individual defendants were acting as the agents, servants and employees of the City, and were acting under color of law and pursuant to their authority as police personnel of the City Police Department.

## Factual Allegations

8. At or about 10:30 p.m. on January 2, 2009 near the intersection of Starr St. and Cypress Ave., in Brooklyn, New York, defendant Ellengohn without probable cause, arrested plaintiff.

9. Plaintiff was confined, as a result of the arrest, until about 10:00 p.m. on January 3, 2009.

10. After defendant Ellengohn falsely arrested plaintiff, he and defendant Kohl, without affording plaintiff due process, seized his car, went on a joy ride with it and caused damage to it.

11. At the 83rd New York City Police Precinct at about 12:30a.m. on January 3, 2009,

defendant Ellensohn subjected plaintiff to an intrusive strip search.

12. The search involved requiring plaintiff to remove all his clothes, bend over and spread the cheeks of his buttocks; while plaintiff was nude, Officer Ellensohn blew into his anus.

13. At or about 12:10 a.m. on January 3, 2009, plaintiff, having been handcuffed behind his back, was placed by defendant Ellensohn in a filthy and loathsome cell and confined therein for about eight (8) hours; during four (4) hours of the confinement, plaintiff was handcuffed behind his back.

14. At about 2:00 a.m. on January 3, 2009, defendant Ellensohn failed to protect plaintiff from excessive force.

15. Officer Ellensohn was in a position to stop or prevent the excessive force, but for the purpose of furthering the harming of plaintiff, he permitted him to be dragged some 40 feet within the 83rd Police Precinct, struck in the mouth and otherwise physically abused.

16. Defendant Ellensohn, without due process of law, permitted plaintiff to be deprived of property, including eight hundred ninety dollars ($890), which was seized by Officer Ellensohn from plaintiff at the time and place of his arrest and never returned.

17. As a result of the above referred to wrongful official conduct, plaintiff sustained physical injury, including loss of a tooth, pain, including to the back, foot, face, and chest; plaintiff required and was provided with medical attention, including at Brooklyn College Hospital. In addition, plaintiff experienced fright, humiliation, emotional distress and was otherwise damaged.

18. The abuse to which plaintiff was subjected was consistent with an

institutionalized practice of the City Police Department which was known to and approved of by the municipality, the City having at no time taken any effective action to prevent the individual defendants from continuing to engage in such misconduct as that complained of herein; moreover, the City encouraged abuse of citizens by permitting police personnel to openly and in the presence of numerous other officers, to abuse persons with whom they come into contact.

19. Defendant City authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore referred to by:

(a) Failing to properly train, discipline, restrict and control employees, including the individual defendants;

(b) Failing to implement proper procedures, guidelines and/or policies regarding the duty of Police Department personnel to protect persons, including the plaintiff herein, from physical and other abuse;

(c) allowing, condoning and/or permitting City Police Department personnel to display deliberate indifference to prisoners' safety and welfare by such conduct as the above summarized abuse of plaintiff and the condonation thereof.

20. As a consequence of the abuse of authority detailed above, including the City's condonation of official misconduct, plaintiff sustained the damages hereinbefore alleged.

## COUNT I
## FEDERAL CLAIMS
(42 U.S.C. 1983)

21. The allegations set forth in paragraphs 1 through 20 are incorporated herein by reference.

22. The hereinbefore described actions and omission, engaged in under color of state

authority by defendats, including defendant City, sued as a person, responsible, because of its authorization, condonation and/or approval of the acts of its agents, deprived plaintiff of rights and immunities secured to him by the Constitution of the United States, including, but not limited to his Fourth, Fifth and Fourteenth Amendment rights to be free from false arrest, excessive force, an unlawful strip search, deprivation of property without due process of law, deliberate indifference to his safety and welfare and other abuse.

WHEREFORE, plaintiff demands the following relief:

(a) Compensatory damages, jointly and severally against all of the defendats, in an amount to be determined by the jury;

(b) Punitive damages against each of the individual defendants, in amounts to be determined by the jury; and,

(c) Such other and further relief, including costs and reasonable attorney's fees, as this court may deem appropriate.

Yours,

Santino Tomavic
80 Newton Blvd
Lk. Roak, NY 11779
516 322-8063

Dated: 1-3-2012